# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRANKLIN L. VANNOY,**
**Claimant Below, Petitioner**

**vs.)  No. 14-1067**  (BOR Appeal No. 2049357)
　　　　　　　　　　　(Claim No. 2013024315)

**S & E CLEARING & HYDROSEEDING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Franklin L. Vannoy, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. S & E Clearing & Hydroseeding, LLC, by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2014, in which the Board affirmed a March 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 28, 2013, decision rejecting the petitioner's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The petitioner alleges that he injured himself when he slipped while repairing a piece of heavy machinery and fell a distance of approximately four to five feet, landing on his back. On January 31, 2013, he filed a Report of Injury listing the date of injury as October 3, 2012, which was signed by Robert Lowe, M.D. Dr. Lowe indicated that he first treated the petitioner in relation to the alleged injury on October 9, 2012.

1

A letter dated October 3, 2012, and signed "Josh Jones, Foreman" was submitted in support of the petitioner's claim. The letter states that the petitioner was injured while repairing an excavator when he slipped, fell a distance of four to five feet, and landed on his back. The letter then indicates that because the petitioner experienced difficulty with his right leg giving out the following day, he was instructed not to return to work until he obtained clearance to do so from a physician.

Richard Hall investigated the circumstances surrounding the alleged injury on behalf of the claims administrator. During the course of his investigation, he interviewed Diann Hannah, who is employed in a managerial position with S & E Clearing & Hydroseeding; Christopher "Josh" Jones, employed by S & E Clearing & Hydroseeding as a mechanic; Randall Mapes, who was the petitioner's direct supervisor; Bobby Daugherty, who is employed as a heavy equipment operator with S & E Clearing & Hydroseeding; and the petitioner. Mr. Hall conducted all five interviews on February 14, 2013.

Ms. Hannah stated to Mr. Hall that the petitioner was hired by S & E Clearing & Hydroseeding in the early summer of 2012 as a mechanic. She then stated that the petitioner's last documented date of employment was September 1, 2012, but noted that the petitioner reported his injury as occurring on October 3, 2012. Ms. Hannah then opined that the signature on the letter purporting to be written by "Josh Jones" does not match the known signature of Mr. Jones contained in his personnel file and further stated that Mr. Jones personally told her that he did not write the letter allegedly bearing his signature.

The petitioner reported to Mr. Hall that he is certain that he was not injured on October 3, 2012, and stated that he now believes that the alleged injury occurred in either August of 2012 or September of 2012. The petitioner then stated that he initially reported the date of injury as October 3, 2012, because Mr. Jones, his coworker, reported to him that October 3, 2012, was the correct date of injury. Further, the petitioner stated that both Mr. Jones and Mr. Daugherty witnessed the incident. Additionally, the petitioner reported to Mr. Hall that he requested a letter from Mr. Jones describing the alleged injury and further reported that he received the requested letter in the mail and submitted it to the claims administrator as evidence.

Mr. Jones reported to Mr. Hall that he is also known by the name "Josh Jones" but that he routinely signs all documents as "Christopher J. Jones". He then stated that the petitioner never requested that Mr. Jones vouch for him regarding a work-related injury and further stated that Mr. Jones did not write nor sign the letter dated October 3, 2012, allegedly bearing Mr. Jones's signature. Further, Mr. Jones stated that he was unaware that the petitioner had ever suffered a work-related injury. Additionally, Mr. Daugherty reported to Mr. Hall that he never witnessed the petitioner sustain a work-related injury and never heard the petitioner mention that he sustained a work-related injury. Finally, Mr. Mapes reported to Mr. Hall that the petitioner never reported sustaining a work-related injury to any of his supervisors.

The claims administrator rejected the petitioner's application for workers' compensation benefits on February 28, 2013, based upon a finding that an investigation of the alleged injury revealed sufficient inconsistencies and contradictions to conclude that a work-related injury did

not occur. The petitioner testified in a hearing before the Office of Judges on June 11, 2013, and once again stated that he was injured in the course of his employment when he slipped while repairing an excavator. He reiterated his prior assertion that Mr. Jones and Mr. Daugherty were both witnesses to the alleged incident.

In its Order affirming the February 28, 2013, claims administrator's decision, the Office of Judges held that the petitioner has failed to demonstrate that he sustained an injury in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 23, 2014. On appeal, the petitioner asserts that the evidence of record demonstrates that he sustained an injury in the course of his employment with S & E Clearing & Hydroseeding, LLC.

The Office of Judges found that the evidence of record demonstrates that the petitioner was not employed with S & E Clearing & Hydroseeding on the initially reported date of injury, namely October 3, 2012. The Office of Judges further found that the evidence of record does not provide clear evidence establishing that the petitioner sustained an injury in either August of 2012 or September of 2012. Further, the Office of Judges noted that evidence received from the petitioner's treating physician, Dr. Lowe, indicates that the petitioner reported sustaining an injury after falling from a piece of heavy equipment, but Dr. Lowe does not specify when the alleged injury occurred.

Moreover, the Office of Judges noted that the claim is fraught with inconsistencies concerning not only the alleged date of injury, but also the circumstances surrounding the alleged injury. Specifically, the Office of Judges noted that although the petitioner identified Mr. Jones and Mr. Daugherty as witnesses to the alleged incident, both denied ever witnessing the petitioner sustain a work-related injury. Finally, the Office of Judges concluded that Mr. Hall's investigation reveals that the "Josh Jones" letter provided to the claims administrator is a forgery, as was confirmed by Mr. Jones's own statements. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence of record fails to establish that the petitioner sustained an injury in the course of and resulting from his employment with S & E Clearing & Hydroseeding, LLC.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II